■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PUMAREJO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Columbia County (Clyne, J.), rendered April 25, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On December 6, 1982, defendant was arraigned in County Court on a two-count indictment charging him with unlawful possession of firearms. Two days later, the defense served its

demand to produce any statements made by defendant; the People replied on January 7, 1983. In the meantime, at a conference held January 3, 1983, County Court (Zittell, J.) granted defendant's unopposed request that a prepleading report be prepared by the Probation Department and that defendant's "time to make motions be extended until at least two weeks following the receipt of [that] pre-pleading report".

The People certified the case ready for trial in a letter dated January 14, 1983, but then served their CPL 710.30 notice of admissions and made supplemental disclosure on January 19 and 21, 1983, respectively; both documents were promptly rejected by defendant as untimely.

At a calendar call held in County Court on January 31, 1983, before a visiting County Judge (Clyne, J.), defendant's counsel advised the court of the aforementioned adjournment pending receipt of a prepleading report. However, the court informed counsel that he had two weeks to make motions regardless of whether the prepleading report was received and agreed to conduct a suppression hearing, held two weeks later, without the necessity of the defense filing motion papers to bring on that hearing. At the outset of the hearing, a guilty plea to the first count of the indictment was negotiated and entered; the prepleading investigation report was completed subsequently.

The sentencing, initially scheduled for February 25, 1983 but adjourned when defendant failed to appear, was held on April 25, 1983. At the very beginning of the proceeding, defendant filed his written motion to withdraw his plea. In a supporting affidavit, he asserted his innocence of the crime charged but stated that the last minute nature of the plea bargain and the pressure exerted by his attorney to accept the plea bargain overcame his better judgment. Defense counsel's affirmation acknowledged that "at my coaxing and insistence, [defendant] said he would plea [sic] guilty". Believing that defendant's application simply constituted a change of heart, County Court summarily, and without any inquiry, denied the motion and defendant was sentenced as a predicate felon in accordance with the plea agreement.

Significantly, the People neither opposed defendant's motion for withdrawal of his plea, nor controverted his allegations, nor suggested then or now any prejudice consequent upon granting his request. If it is indeed true, as defendant avers, that just before commencement of the suppression hearing he was suddenly offered a plea bargain and forced to decide on

the offer immediately, his claim that his plea was arrived at unfairly as the result of undue pressure may indeed have force *(see, People v White,* 32 NY2d 393, 400). Accordingly, a hearing on this issue is required and a remittal for that express purpose is hereby ordered.

Decision withheld, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.